IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | |
| FRED MONTANO | : | NO. 13-082 |

## MEMORANDUM

PRATTER, J.                                                                                                          OCTOBER 11, 2018

*Pro se* movant George Georgiou seeks to intervene in this closed criminal case to access discovery materials covered by a protective order. The Court denies Mr. Georgiou's motion because Mr. Georgiou has no standing to challenge the protective order.

### BACKGROUND

The defendant in this case, Fred Montano, pleaded guilty to wire fraud and securities fraud. On September 18, 2015, this Court sentenced Mr. Montano to two years of probation. During the discovery phase of Mr. Montano's case, the government filed an unopposed motion for a protective order requesting the Court to maintain the confidentiality of discovery provided to the defense, including, among other things, materials concerning a cooperating witness for the government. This Court granted the unopposed motion and entered the protective order on January 27, 2014.

Movant George Georgiou is currently serving a 25-year sentence imposed by the Honorable Robert F. Kelly following Mr. Georgiou's conviction of one count of conspiracy, four counts of securities fraud, and four counts of wire fraud. On January 20, 2015, following extensive post-trial litigation before Judge Kelly, the Third Circuit Court of Appeals affirmed Mr. Georgiou's conviction and sentence. *United States v. Georgiou*, 777 F.3d 125 (3d Cir.

1

2015). The Supreme Court denied Mr. Georgiou's petition for *certiorari*. *Georgiou v. United States*, 136 S. Ct. 401 (2015).

Subsequently, Mr. Georgiou filed a habeas corpus petition under 18 U.S.C. § 2255, which Judge Kelly denied after lengthy proceedings. Following Judge Kelly's rejection of Mr. Georgiou's § 2255 petition, Mr. Georgiou filed motions for additional discovery. In one of those motions, Mr. Georgiou requested some of the materials he seeks here, namely, the "chain of custody envelopes" concerning the dates and times an FBI recording device was taken from or given to the government's cooperating witness. On September 14, 2018, Judge Kelly denied Mr. Georgiou's request for these materials. *See* Order that Pro Se Motion to Compel Disclosure Is Denied, *United States v. Georgiou*, Crim. No. 09-88 (E.D. Pa. Sept. 14, 2018) (Doc. No. 612).

Even though Mr. Georgiou is not a litigant in the *Montano* case, he asks the Court to lift the January 2014 protective order so that he can access the materials concerning the government's cooperating witness. Mr. Georgiou argues that he is entitled to the documents covered by the protective order "in the interests of justice" or, in the alternative, that he has the right to access the materials pursuant to the public's common law right to access judicial records.

## DISCUSSION

The Court denies Mr. Georgiou's request because Mr. Georgiou has no third party standing to challenge the protective order in this case.

### I. Third Party Standing

"Standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The Third Circuit Court of Appeals has held that third parties have "'standing to challenge protective orders and confidentiality orders' as long as they can demonstrate that the order is an obstacle to their attempt to obtain access." *United States v. Wecht*, 484 F.3d 194, 202–03 (3d Cir. 2007) (quoting

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994)). In other words, "the standing inquiry should focus on whether third parties would obtain the information they seek if successful on the merits of their claims." *Id.* at 204.

In *Pansy*, third party intervenors had standing to challenge a confidentiality order covering a settlement agreement, "[b]ecause the newspapers might have gained access to the settlement agreement through the common law right of access or the Pennsylvania Right to Know Act." *Id.* at 203 (citing *Pansy*, 23 F.3d. at 777). Similarly, in *Wecht*, the Third Circuit Court of Appeals held that a third party intervenor had standing to challenge a gag order because the third party intervenor could "demonstrate than an individual subject to the order would speak more freely if the order [was] lifted or modified." *Id.* In contrast, the court in *United States v. Luchko* found that a third party did not have standing to challenge a protective order because it did not provide "evidence of some means of obtaining the documents in question." 2007 U.S. Dist. LEXIS 41028, at *18 (E.D. Pa. June 5, 2007).

In this case, Mr. Georgiou would not be able to obtain the materials he seeks even if they were not covered by the protective order because: (1) Judge Kelly already rejected Mr. Georgiou's discovery requests concerning the materials at issue, and (2) the materials are not covered by the public's common law right to access judicial records. Thus, Mr. Georgiou lacks standing to intervene.

### A. *Judge Kelly Has Already Rejected Mr. Georgiou's Discovery Requests*

Mr. Georgiou references two categories of materials that he seeks: (1) mental health records of the government's cooperating witness, and (2) the "chain of custody envelopes." Judge Kelly already denied Mr. Georgiou's requests for these documents.

First, Judge Kelly ruled that Mr. Georgiou's *Brady* claims relating to the cooperating witness's mental health records fail because the information at issue was not favorable or

3

material to Mr. Georgiou's defense. *United States v. Georgiou*, 2011 U.S. Dist. LEXIS 142270, at *28-66 (E.D. Pa. Dec. 12, 2011). The Third Circuit Court of Appeals affirmed Judge Kelly's holding on this issue. *Georgiou*, 777 F.3d at 139–41. Second, Judge Kelly rejected Mr. Georgiou's renewed motion to compel production of, among other things, the "chain of custody envelopes." *See* Order that Pro Se Motion to Compel Disclosure Is Denied, *United States v. Georgiou*, Crim. No. 09-88 (E.D. Pa. Sept. 14, 2018) (Doc. No. 612). This Court sees no basis to disturb the rulings of Judge Kelly, "in the interests of justice," or otherwise. Thus, Mr. Georgiou must show some other means by which he is entitled to access the materials.

### B. *The Common Law Right to Access Judicial Records*

Mr. Georgiou asserts that he should be granted access to the information he seeks pursuant to the public's common law right to access judicial records. The Third Circuit Court of Appeals has recognized "a right of access to judicial proceedings and judicial records." *N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 436 (3d Cir. 2016) (citing *Pansy*, 23 F.3d at 780–81)). This access right depends entirely on "whether [the document at issue] is considered to be a 'judicial record.'" *Id.* (citing *In re Cendant Corp*, 260 F.3d 183, 192 (3d Cir. 2001)). This question, in turn, depends on "whether [the] document has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Id.* "[D]iscovery materials that are part of judicial filings are generally not 'judicial records' and do not fall within the common law right of access." *Id.* at 435.

In *N. Jersey Media Grp.*, a consortium of news organizations sought access to a letter identifying unindicted co-conspirators that the government provided to the defense in discovery. *Id.* at 424. The district court ordered the letter to be disclosed, and the Third Circuit Court of Appeals reversed. *Id.* The Court categorized the letter as "pretrial discovery" and held that it

4

was not a "judicial record" because it was not filed with the district court and was not used in the judicial function or process. *Id.* at 436.

The Court reaches the same conclusion here. The materials Mr. Georgiou seeks were provided in discovery in this case and were not filed with the Court. Thus, the public, including Mr. Georgiou, has no right to access the materials. Because the common law right of access does not cover the protected materials, and because Mr. Georgiou offers no other means by which he is entitled to the protected materials, Mr. Georgiou has no standing to challenge the protective order in this case.

## CONCLUSION

For the reasons set out in this memorandum, the Court denies Mr. Georgiou's motion to lift the protective order. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE